**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**CASE NO.:**

**DAVID BROWNING,**
**an Individual,**

     **Plaintiff,**

**v.**

**ARDENTX LLC,**
**a Florida Limited Liability**
**Company,**

     **Defendant.**

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

COMES NOW the Plaintiff, David Browning ("Plaintiff"), by and through his undersigned counsel, and sues the Defendant, ArdentX, ("Defendant") and alleges the following:

### INTRODUCTION

1.  Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, § 29 U.S.C. Section 626 (b and c), and 29 U.S.C. § 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

### PARTIES

2.    Plaintiff is an adult individual.

3.    Plaintiff is protected by the ADEA because he is a male over forty (40) years of age who suffered discrimination and adverse employment action because of his age by Defendant.

4.    Plaintiff is protected by the ADEA because he suffered an adverse employment action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

5.    Defendant is a Florida Limited Liability Company.

6.    At all times material, Defendant employed 20 or more employees.

7.    Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

8.    The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

9.    This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

10.    Venue is proper in the Jacksonville Division of the Middle District of Florida because Defendant conducts substantial business in Duval County, Florida, and Plaintiff worked for Defendant in Duval County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

2

11.    On or around January 7, 2025, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

12.    On or around June 6, 2025, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13.    More than 180 days have passed since the filing of the Charge of Discrimination.

14.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.    Plaintiff, a 62-year-old man at the time, worked for Defendant as an Asset Dispatcher from June 8, 2020, until his termination on March 22, 2024.

17.    During his tenure Plaintiff was an excellent employee, and had no significant history of attendance, disciplinary, or performance issues.

18.    On March 22, 2024, Plaintiff met with his supervisor, Vice President of Operations Tom Sewak ("Mr. Sewak").

19.    Mr. Sewak handed Plaintiff a letter, terminating Plaintiff effective immediately.

20.    Plaintiff inquired if he did something wrong, to which Mr. Sewak said, "you did nothing wrong, we're just moving in a different direction."

21.    Afterwards, Plaintiff called Chuck Miller ("Mr. Miller"), CEO of Defendant, who stated that he brought in a President of Operations, John Detlefsen, and gave Mr. Detlefsen full control over the operations of Defendant with a "10-year plan" to improve.

22.    Throughout this conversation, it becomes clear that Defendant unilaterally decided that Plaintiff could not complete its proposed "10-year plan" as a result of his age.

23.    Mr. Miller also confirmed that Plaintiff didn't "do anything wrong" and referred to the decision to terminate Plaintiff as "unfortunate."

24.    Shortly thereafter, Defendant hired a replacement for Plaintiff who was more than 20 years younger than Plaintiff.

25.    It is clear that Defendant discriminated against Plaintiff based on age.

26.    Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is a pretext.

27.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned

4

by the ADEA/FCRA.

28. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

29. Defendant's decision to replace Plaintiff with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

30. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

31. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

32. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## <u>COUNT I: VIOLATION OF THE ADEA</u><br><u>BASED ON AGE DISCRIMINATION</u><br><u>DISPARATE TREATMENT DISCRIMINATION</u>

33. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 35 of the Complaint, as if fully set forth in this Count.

34. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA, Section 29 U.S.C.

5

Section 626 (b and c).

35. Plaintiff was over forty (40) years old while working for Defendant.

36. Plaintiff suffered from an adverse employment action, being terminated, due solely on the basis of Plaintiff's age.

37. Plaintiff was not terminated for cause.

38. Plaintiff would not have been terminated, but for his age.

39. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

40. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

41. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

42. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

43. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses

suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

### COUNT II: VIOLATION OF THE FCRA
### BASED ON AGE DISCRIMINATION
### DISPARATE TREATMENT DISCRIMINATION

44.    Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 35 of the Complaint, as if fully set forth in this Count.

45.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

46.    Plaintiff was over forty (40) years old while working for Defendant.

47.    Plaintiff suffered from an adverse employment action, being terminated, due solely on the basis of Plaintiff's age.

48.    Plaintiff was not terminated for cause.

49.    Plaintiff would not have been terminated, but for his age.

50.    Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

51.    Plaintiff was replaced by an employee who was substantially younger

than Plaintiff.

52.    Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

53.    Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

54.    Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;  grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 4th day of September, 2025.

Respectfully submitted,

**/s/ Tanner M. Borges**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: noah@floridaovertimelawyer.com
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*